

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00411-CR

**IN RE** Carl **DEATON**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:        Sandee Bryan Marion, Justice
                   Patricia O. Alvarez, Justice
                   Luz Elena D. Chapa, Justice

Delivered and Filed:  June 18, 2014

PETITION FOR WRIT OF MANDAMUS DENIED

Relator Carl Deaton filed a pro se petition for writ of mandamus on June 11, 2014. Relator does not identify any trial court order or action from which he seeks relief, nor does he specify the particular relief he seeks from this court. *See* TEX. R. APP. P. 52.3(d)(3), (i). In addition, relator's petition fails to satisfy several other requirements of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(a)-(k).

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). The relator has the burden of providing this court with a record sufficient to establish a right to mandamus relief, including a copy of any order or other

---

[1] This proceeding arises out of Cause No. 2010CR11883, styled *The State of Texas v. Carl Deaton*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

document showing the matter complained of. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Relator has not provided this court with a record sufficient to establish his claim for relief.

Due to the deficiencies in relator's petition and the lack of an adequate mandamus record, we are unable to determine whether the trial court has abused its discretion in any way. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

Relator also filed a separate motion seeking to waive the requirement to provide this court with six copies of his mandamus petition. The number of any documents filed in paper form that are required to be provided to this court is governed by Rule 9.3(a) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 9.3(a); *see also* TEX. R. APP. P. 9.2(c)(1) (unrepresented parties in civil and criminal cases may, but are not required to, electronically file documents). Rule 9.3 requires only an original and one unbound copy of documents filed in paper form. TEX. R. APP. P. 9.3(a). Accordingly, relator's motion is denied as moot.

PER CURIAM

DO NOT PUBLISH